1
2
3
4
5
6

Courtney Lowery
Sanford Law Firm, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
(501) 221-0088
courtney@sanfordlawfirm.com
Ariz. Bar No. 036888

7

Attorney for Plaintiff

8
9
10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PHOENIX DIVISION

11
12

Jack Daniel, Individually and on Behalf
of All Others Similarly Situated,

NO. 2:21-cv-_____

13

                              Plaintiff,

**ORIGINAL COMPLAINT—
COLLECTIVE ACTION**

14

        v.

15
16

Pacific NW, LLC,

                              Defendant.

17
18

        Plaintiff Jack Daniel ("Plaintiff"), individually and on behalf of all others

19

similarly situated, by and through his attorney Courtney Lowery of Sanford Law Firm,

20

PLLC, for his Original Complaint—Collective Action ("Complaint") against Defendant

21
22

Pacific NW, LLC ("Defendant"), states and alleges as follows:

23

**I.        PRELIMINARY STATEMENTS**

24

        1.        This is a collective action brought by Plaintiff, individually and on behalf

25
26

of all others similarly situated, against Defendant for violations of the overtime

provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA").

2.     Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper overtime compensation under the FLSA.

3.     Upon information and belief, within the three years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra.*

## II.     JURISDICTION AND VENUE

4.     The United States District Court for the District of Arizona has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.     Defendant conducts business within the State of Arizona.

6.     Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arizona has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arizona.

7.     The acts complained of herein were committed and had their principal effect against Plaintiff within the Phoenix Division of the District of Arizona; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.     THE PARTIES

8.     Plaintiff is an individual and resident of Maricopa County.

9.     Defendant is a domestic limited liability company.

10.     Defendant's registered agent for service of process is Evan Butler, at 518 South 16th Street, Phoenix, Arizona 85034.

11.     Defendant does business as Hilton Cabinets.

12.     Defendant, in the course of business, maintains a website at https://www.hiltoncabinets.com/.

## IV.     FACTUAL ALLEGATIONS

13.     Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

14.     Defendant's primary business is providing interior remodel and construction services such as building cabinets and counters.

15.     Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as vehicles, fuel, tools and equipment.

16.      Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

17.     In the course of his duties, Plaintiff regularly used instrumentalities of interstate commerce such as his cell phone to communicate with Defendant regarding his schedule and job duties.

18.     Defendant employed Plaintiff as an Installer from December of 2019 until September of 2021.

19.     Defendant also employed other Installers within the three years preceding the filing of this lawsuit.

20.     At all relevant times herein, Defendant directly hired Plaintiff and other Installers to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

21.     At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

22.     Defendant paid Plaintiff a piece rate per installation.

23.     Defendant also paid Plaintiff an hourly rate when he completed "punch work," which consisted of repairing damage to the installation which occurred after other companies completed their portion of the remodel.

24.     Defendant paid other Installers a piece rate per installation, plus an hourly rate for completing punch work.

25.     Plaintiff regularly spent over 40 hours per week completing installations; Plaintiff estimates he spent approximately 1 to 2 hours per week completing punch work.

26.     Upon information and belief, other Installers also spent a majority of their work day completing installations.

27.     Plaintiff and other Installers were not paid a weekly minimum guaranty pursuant to 29 C.F.R. § 541.604(b).

28.     Plaintiff and other Installers did not have the authority to hire or fire any other employee.

29.     Plaintiff and other Installers were not asked to provide input as to which employees should be hired or fired.

30.     Plaintiff and other Installers did not exercise independent judgment as to matters of significance in carrying out their duties.

31.     In carrying out their duties, Plaintiff and other Installers followed the policies and processes set by Defendant or others.

32.     The duties of Plaintiff and other Installers were rote and routine, and they sought input from supervisors in lieu of making significant decisions on their own.

33.     Plaintiff regularly worked more than 40 hours per week during the relevant time period.

34.     Other Installers also regularly or occasionally worked more than 40 hours per week during the relevant time period.

35.     Defendant did not pay Plaintiff 1.5x his regular rate for hours worked over 40 each week.

36.     Upon information and belief, Defendant did not pay other Installers 1.5x their regular rate for hours worked over 40 each week.

37.     At all relevant times herein, Defendant has deprived Plaintiff and other Installers of regular wages and overtime compensation for all hours worked.

38.     Defendant did not have a timekeeping system whereby Plaintiff and other Installers could record and submit time to Defendant.

39.     Plaintiff's paystubs show an hourly rate of $60 and indicate a number of hours worked each week. However, upon information and belief, Defendant arrived at the number of hours by dividing Plaintiff's total piece rate pay by $60. The total pay is actually a product of the total piece rate pay for the week and the number of hours and hourly rate shown are fictional numbers that had no effect on Plaintiff's actual pay.

40.     Defendant regularly assigned Plaintiff so much work that he was unable to complete his installations in less than 40 hours per week.

41.     Defendant knew or should have known that Plaintiff was working hours over forty each week.

42.     Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

43.     Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

44.     Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendant within

the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.      Overtime premiums for all hours worked over forty in any week;

B.      Liquidated damages; and

C.      Attorney's fees and costs.

45.     Plaintiff proposes the following collective under the FLSA:

**All piece-rate paid Installers within the past three years.**

46.     In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

47.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

48.     The members of the proposed FLSA collective are similarly situated in that they share these traits:

A.      They were paid a piece-rate per installation completed;

B.      They were not paid a 1.5x their hourly rate for hours worked over 40 in a week;

C.      They worked over 40 hours in at least one week within the three years preceding the filing of this lawsuit; and

D.      They had substantially similar job duties and responsibilities.

49.     Plaintiff is unable to state the exact number of the collective but believes that the collective exceeds 20 persons.

50.     Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

51.     The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

52.     The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.     FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

53.     Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

54.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

55.     At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

56.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

57.     Defendant classified Plaintiff as exempt from the overtime requirements of the FLSA.

58.     Defendant failed to pay Plaintiff for all hours worked.

59.     Defendant failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

60.     Defendant knew or should have known that its actions violated the FLSA.

61.     Defendant's conduct and practices, as described above, were willful.

62.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

63.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

64.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

65.     Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

66.     Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

67.     At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

68.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

69.     Defendant misclassified Plaintiff and similarly situated employees as exempt from the overtime provisions of the FLSA.

70.     Defendant failed to pay Plaintiff and similarly situated employees 1.5x their regular rate for all hours worked in excess of 40 per week, despite their entitlement thereto.

71.     Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

72.     Defendant knew or should have known that its actions violated the FLSA.

73.     Defendant's conduct and practices, as described above, were willful.

74.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations

which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

75.    Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

76.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Jack Daniel, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.    Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

B.    Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.    Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA and its related regulations;

D.      Judgment for liquidated damages owed to Plaintiff and others similarly situated pursuant to the FLSA and its related regulations;

E.      An order directing Defendant to pay Plaintiff pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

F.      Such other and further relief as this Court may deem just and proper

DATED this 21st day of December, 2021.

Courtney Lowery
Ariz. Bar No. 036888
courtney@sanfordlawfirm.com