WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jack Daniel,<br><br>    Plaintiff,<br><br>v.<br><br>Pacific NW LLC,<br><br>    Defendant. | No. CV-21-02187-PHX-MTL<br><br>**ORDER** |

  Pacific NW, LLC ("Pacific"), doing business as Hilton Cabinets, is a cabinet manufacturer providing interior remodeling and construction services for new and remodeled apartment developments. (Doc. 1 at 3; Doc. 7 at 2.) Plaintiff Jack Daniel brings suit under the Fair Labor Standards Act ("FLSA"), individually and on behalf of all others similarly situated, against Pacific for unpaid overtime wages. (Doc. 1 at 1.) Plaintiff alleges he formerly worked for Pacific as a piece-rate installer and that he was not paid proper overtime wages.

**I.**

  The matter is before the Court on Plaintiff's Motion for Conditional Certification, for Approval and Distribution of Notice and for Disclosure of Contact Information. (Doc. 18.) Plaintiff requests that the Court conditionally certify the following FLSA collective under 29 U.S.C. § 216(b): "All piece-rate employees who were employed by Pacific NW, LLC, on or after December 21, 2018." (Doc. 19 at 6.) Also, the Motion requests approval of Plaintiff's proposed notice and consent procedure as well as an order from the Court

directing Pacific to provide the names, last known mailing address, and last known work and personal email addresses of potential collective members. (Doc. 18 at 2.) Pacific does not take issue with either the notice and consent procedure or the disclosure request but opposes the Motion on the grounds that Plaintiff is not similarly situated to the proposed collective and that Plaintiff has not demonstrated enough putative collective members desiring to participate in this litigation. (Doc. 22 at 3.) For the following reasons, the Court grants the Motion.

## II.

### A.

The FLSA mandates that covered employers pay employees an overtime rate of "one and one-half times the regular rate" of pay for work exceeding forty hours in one week. 29 U.S.C. § 207(a)(1). "Any employer who violates the provisions of . . . section 207 . . . shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation[.]" *Id.* § 216(b). A collective action to recover these damages may be brought "against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." *Id*. Employees not named in the complaint who wish to join the action must give their consent in writing to the court in which the action is brought. *Id.*

The term "similarly situated" is critical for defining collective action status. Yet, the text of the FLSA does not define the term. Courts have taken a variety of approaches to fill in this gap. In *Campbell v. City of Los Angeles*, 903 F.3d 1090 (9th Cir. 2018), the Ninth Circuit considered the appropriate standard for district courts to apply when deciding a motion to certify a collective action. The court held that "[p]arty plaintiffs are similarly situated, and may proceed in a collective, to the extent they share a similar issue of law or fact material to the disposition of their FLSA claims." *Id*. at 1117. Plaintiffs' "burden is light," but conditional certification is "by no means automatic." *Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 925 (D. Ariz. 2010). "The level of consideration is . . . akin to a plausibility standard." *Campbell*, 903 F.3d at 1109. District courts are directed to focus on

"similarities among the party plaintiffs" instead of scrutinizing differences. *Id.* at 1117. "If the party plaintiffs' factual or legal similarities *are* material to the resolution of their case, dissimilarities in other respects should not defeat collective treatment." *Id.* at 1114. The similarly situated requirement may be satisfied by showing that a plaintiff and the putative members of the collective action were subject to a common decision, policy, or plan of the employer. *Id.* at 1102. "The court's determination at this first step is based primarily on the pleadings and any affidavits submitted by the parties." *Kesley v. Entm't U.S.A. Inc.*, 67 F. Supp. 3d 1061, 1065 (D. Ariz. 2014) (internal quotations omitted).

Once the district court preliminarily certifies a FLSA class, a notice is disseminated to putative members of the collective action "advising them that they must affirmatively opt in to participate in the litigation." *Id.* at 1109. Following discovery, "[t]he employer can move for 'decertification' of the collective action for failure to satisfy the 'similarly situated' requirement in light of the evidence produced to that point." *Id.*

**B.**

The Court finds that Plaintiff's proposed collective of all piece-rate employees who were employed by Pacific NW, LLC, on or after December 21, 2018 satisfies the requirement that collective members be similarly situated with one another. According to Plaintiff, "every such employee's relationship with Defendant was subject to Defendant's universal practices." (Doc. 19 at 6.) Notably, Plaintiff alleges that all "piece rate employees were subject to the same employment policies and pay practices," and that all installers were paid "a piece rate for each cabinet box installed." (*Id.* at 7.) Further, Plaintiff contends that these employees "regularly worked more than forty hours per week" without receiving overtime rates. (*Id.*)

Whether Pacific's policies or practices resulted in a lack of overtime pay to its piece-rate employees constitutes a material factual similarity among the putative collective. Similarly, the allegations that Pacific failed to provide its piece-rate installers with overtime pay for hours over forty provide common issues of law and fact for determination at a later stage. *See Weeks v. Matrix Absence Mgmt. Inc.*, 494 F. Supp. 3d 653, 658-59 (D. Ariz.

2020) ("It necessarily follows that, where Plaintiffs have the same job duties, so too were they all subject to the same decision, policy, or plan.") (internal marks and citation omitted). For these reasons, Pacific's conclusory objection that Plaintiff's "declaration offers no evidence of these others being similarly situated" is not well taken.

Pacific also maintains that Plaintiff has not demonstrated that there are enough potential collective members desiring to participate in the litigation. (Doc. 22 at 3.) But Pacific cites no authority demonstrating any such requirement at this stage. In fact, this district has found that "[a]t this first stage, the court require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Weeks*, 494 F. Supp. 3d at 656 (quoting *Stickle v. SCI Western Market Support Center*, No. CV-08-083-PHX-MHM, 2008 WL 4446539, at *2 (D. Ariz. Sept. 30, 2008)). Moreover, courts in the Ninth Circuit have reasoned that "requiring a plaintiff to initially demonstrate that other persons wish to opt-in is contradictory to the very notion of providing notice to potential plaintiffs of the opportunity to participate in the collective action." *Norsoph v. Riverside Resort and Casino, Inc.*, No. 2:13-CV-580-APG-GWF, 2018 WL 5283427, at *4 (D. Nev. Oct. 23, 2018) (citing *Hoffman v. Securitas Sec. Servs. USA, Inc.*, No. CV-07-502-S-EJL, 2008 WL 5054684, at *5 (D. Idaho Aug. 27, 2008)).

### III.

Plaintiff next moves for the Court's approval of a comprehensive notice and consent procedure. In sum, Plaintiff asks that the Court: [i] "approve the language of [the] proposed collective action Notice"; [ii] "grant leave for Plaintiff to send Notice and Consent to Join forms through U.S. Mail and email"; [iii] "grant leave to send a reminder email (or alternatively a follow-up postcard via U.S. Mail) thirty days after the initial distribution of the Notice"; [iv] "approve the proposed email text for distribution to members of the collective"; [v] "grant a period of ninety days in which to distribute the Notice and Consents and allow for opt-ins to file Consents to Join"; and [vi] "order Defendant to provide relevant contact information for potential opt-ins." (Doc. 19 at 8.) Pacific does not

oppose any of Plaintiffs notice and consent procedure requests.

"In exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality. To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action." *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989). Courts must carefully avoid authorizing a notice procedure that amounts to "the solicitation of claims." *Id*. Here, because none of the language threatens the appearance of a judicial endorsement of the merits, the Court approves of Plaintiff's proposed collective action Notice (Doc. 18-1) and the Consent to Join forms (Doc. 18-2, 18-4) as fair and accurate. *See Hoffman-La Roche*, 493 U.S. at 170.

Notice by regular mail is a standard form of notice for putative FLSA collective action members. Notice by email is also warranted. Email has become a reliable method of business communication and is acceptable here. *See Weeks*, 494 F. Supp. 3d at 659. Reminder notice is likewise a standard notice procedure in collective action cases, given that the FLSA requires putative collective members to opt-in. *See Harris v. Vector Mktg. Corp.*, 716 F. Supp. 2d 835, 847 (N.D. Cal. 2010). Therefore, the Court will permit Plaintiff to send a reminder notice via email or postcard to putative collective members who do not respond to the initial notice. The Court approves of the language of both the initial notice email and follow-up reminder email. (Doc. 18-3.)

The Court agrees that a period of ninety days during which to distribute notice and file opt-in plaintiffs' consent forms with the Court is reasonable. *See Shoults v. G4s Secure Sols. (USA) Inc.*, No. CV-19-02408-PHX-GMS, 2020 WL 8674000, at *4 (D. Ariz. July 31, 2020). Lastly, the Court will require Defendant to disclose the names, last known mailing addresses, email addresses (including personal and company-sponsored email addresses) and phone numbers, in an electronically manipulatable format, for anyone who meets the collective definition. *See Weeks*, 494 F. Supp. 3d at 660 (ordering a defendant to produce the same). Given Pacific's lack of opposition, the Court also adopts Plaintiff's proposed deadlines and notice plan. (Doc. 19 at 15.)

**IV.**

Accordingly, IT IS ORDERED:

1. Plaintiff's Motion for Conditional Certification, for Approval and Distribution of Notice and for Disclosure of Contact Information (Doc. 18) is **granted** to the extent that the following FLSA collective action is certified: "All piece-rate employees who were employed by Pacific NW, LLC, on or after December 21, 2018."

2. Plaintiff's Motion, to the extent that it seeks approval for notice and consent procedures, is **granted**.

    a. Defendant Pacific NW, LLC, shall, **within seven (7) days of this Order**, provide to Plaintiff's counsel, in Excel format (.xlxs), the names, including any aliases they may have gone by or go by now, the last known mailing addresses for the time period covered by the collective definition, and any and all email addresses of which Defendant is aware, whether personal or employer sponsored, of all putative collective members so that Plaintiff may notify them of the collective action.

    b. Plaintiff's counsel may, **within fourteen (14) days of this Order**, send, by U.S. Mail and email message, a copy of the Court-approved Notice and Consent Form to all putative collective members.

    c. The putative collective members shall have **ninety (90) days from the date of this Order** to return their signed Consent forms for filing with the Court.

    d. Plaintiff's counsel may, **within thirty (30) days of this Order**, send a follow-up email or postcard to those putative collective members who did not respond to the initial notice.

Dated this 28th day of September, 2022.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge