Sean Short
Ark. Bar No. 2015079 (*Admitted Pro Hac Vice*)
Sanford Law Firm, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
(501) 221-0088
sean@sanfordlawfirm.com
Attorney for Plaintiff

Michael D. Curran, Bar No. 012677
Daniel D. Maynard, Bar No. 009211
**MAYNARD CRONIN ERICKSON**
 **& CURRAN, P.L.C.**
3200 N. Central Ave., Ste. 1800
Phoenix, AZ  85012
Telephone: (602) 279-8500
Facsimile: (602) 263-8185
mcurran@mmcec.com
dmaynard@mmcec.com
*Attorneys for Defendant Pacific NW, LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jack Daniel, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Pacific NW, LLC,<br><br>Defendant. | No. 2:21-cv-02187-MTL<br><br>**JOINT MOTION FOR APPROVAL OF SETTLEMENT** |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND FOR DISMISSAL OF THE COMPLAINT WITH PREJUDICE**

Plaintiffs Jack Daniel ("Mr. Daniel"), James Morgan ("Mr. Morgan"), Miguel Garcia ("Mr. Garcia"), Jacinto Mata ("Mr. Mata"), Dawson James ("Mr. James") and James

Dionne ("Mr. Dionne") (collectively, "Plaintiffs") and Defendant Pacific NW, LLC ("Defendant"), by and through respective counsel, jointly move the Court for approval of the settlement agreement that resolves the claims in the Complaint alleging violation of the Fair Labor Standards Act ("FLSA") and upon such approval, for the dismissal of the Complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

As grounds for the motion, the parties joint state the following:

1. This is an action filed under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § § 201, et seq., in which Mr. Daniel seeks recovery for overtime wages allegedly due to him as a result of being paid on a "piece rate" basis. The case was certified as a collective action and five other Plaintiffs opted into the case. Defendant denied Plaintiffs' allegations and disputes their entitlement to damages.

2. In particular, Defendant asserts that Plaintiffs' claims regarding the hours allegedly worked by each of them is the subject of a good faith dispute. Defendant contends that several contested issues of fact and law would need to be litigated and resolved in this matter relating to damages.

3. The Parties have executed an Agreement wherein they have agreed to the dismissal of this action with prejudice. A copy of the Agreement is attached hereto as Exhibit A.

4. Unlike most private settlements negotiated between parties in a civil action for damages, in a FLSA case, the parties must "seek the district court's approval of the settlement's terms to ensure that it is enforceable and fair." *Juvera v. Salcido*, 2013 WL 6628039, at *3 (D. Ariz. 2013) (citations omitted). In deciding whether to approve the

parties' settlement, courts in the Ninth Circuit follow *Lynn's Food Stores, Inc. Villarreal v. Caremark LLC*, 2016 WL 5938705, at *2 (D. Ariz. May 10, 2016); *Lopez v. Arizona Pub. Serv. Co.*, 2010 WL 1403873, at *1 (D. Ariz. Jan. 27, 2010). In *Lynn's Food Stores, Inc.,* the Eleventh Circuit held that court approval is required for settlements of claims brought under the FLSA pursuant to 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). At the conclusion of the mediation held by the Honorable John Z. Boyle, the parties were instructed to follow the traditional process of seeking court approval of the settlement. Counsel for the Parties are aware of the recent decision from this District in *Evans v. Centurion Managed Care of Arizona LLC,* CV-23-00282-PHX-DWL in which the Honorable Dominic W. Lanza ruled that such approval is not required by the FLSA. This motion is filed to comply with the order from Magistrate Boyle while also acknowledging the ruling in *Evans*.

       5.      To be approved, an FLSA settlement agreement must constitute a "fair and reasonable resolution of a *bona fide* dispute." *Quintana v. HealthPlanOne LLC*, No. CV-18-02169-PHX-RM, 2019 WL 3342339, at *1–2 (D. Ariz. July 25, 2019); *Quiroz v. City of Ceres*, No. 1:17-CV-00444-DAD-BAM, 2019 WL 1005071, at *2 (E.D. Cal. Mar. 1, 2019) (citing *Dunn v. Teacher's Ins. & Annuity Ass'n of Am.,* No. 13-CV-05456-HSG, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016)); *see also Lynn's*, 679 F.2d at 1352–53. To find a bona fide dispute, "[t]here must be 'some doubt . . . that the plaintiffs would succeed on the merits through litigation of their [FLSA] claims.'" *Quintana*, 2019 WL 1005071, at *1 (*quoting Selk v. Pioneers Mem. Healthcare Dist.,* 159 F. Supp. 3d 1164, 1172 (S.D. Cal. 2016)).

6. The Parties have established the existence of a *bona fide* dispute; namely, Plaintiffs alleged that Defendant violated the FLSA because it failed to pay them overtime compensation due to them as non-exempt employees. Plaintiffs understand that success in litigation is not a certainty and legitimate disputes existed as to the hours worked by the Plaintiffs. Accordingly, there was a *bona fide* dispute between the Parties that is fully resolved by the proposed Agreement. Moreover, approval of the Agreement will promote the policy of encouraging settlement of litigation. *See Selk*, 159 F. Supp. 3d at 1175.

7. The settlement provides for meaningful compensation that is well within the possible range of recovery. The Parties undertook written discovery, including document production, to meaningfully determine the strength of the Plaintiffs' claim for unpaid overtime wages and applicable settlement values, and there has been no fraud of collusion between the Parties. The Honorable John Z. Boyle conducted a mediation with the Parties which led to this settlement. The Parties have carefully negotiated in good faith to resolve Plaintiffs' claims in order to achieve a fair and reasonable compromise of the disputed issues of law and fact in order to fully and finally resolve their claims against Defendant.

8. Although denying any liability, solely for the purpose of resolving the matter, Defendant has agreed to pay a total of $40,000.00 (less applicable taxes and withholdings) for the disputed overtime at issue and Plaintiffs' attorney fees and costs.

9. Under the terms of the Agreement, each Plaintiff is receiving an amount in excess of their alleged unpaid wages as calculated by Plaintiffs' counsel.

10. Further as part of the settlement, Defendant agreed to pay Plaintiffs' attorneys fees in the amount of $18,450.00. Such fees were negotiated by the parties at arm's length

and therefore carry a presumption of reasonableness. *See In re First Capital Holdings Corp. Financial Products Securities Litigation,* MDL No. 901, 1992 WL 226321, at *4 (C.D. Cal. June 10, 1992).

11.     To the extent the Court wishes to determine the reasonableness of the fees and costs agreed, Plaintiffs' counsel avers that they are reasonable. Plaintiffs' counsel has incurred 146.4 hours billed to this matter, at a blended rate of $219.23, taking this case from initial fact investigation to Complaint drafting through discovery and damages calculations, to settlement negotiations and finalization. In addition, Plaintiffs' counsel has incurred case costs of $1,140.20. At approximately just 55% of the fees and costs accrued, the fee amount is reasonable.

12.     Both Plaintiff and Defendant, through their respective counsel, represent to the Court that the Agreement is fair, equitable and in compliance with the policies of the FLSA.

13.     All parties were represented by competent counsel with experience in this area of the law.

Accordingly, the parties jointly request that the Court review the Agreement and enter an Order approving the Agreement and dismissing this matter with prejudice, with each party to bear his own fees and costs, except as otherwise expressly provided in the Agreement.

DATED September 19, 2023,

*s/ Sean Short*_____
Attorney for Plaintiffs

                  *s/ Michael Curran*
                  Attorney for Defendant

## CERTIFICATE OF SERVICE

I do hereby certify that, on this 19th day of September, 2023, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants, and by email and/or U.S. First Class Mail if non-registrants:

 Sean Short
 Ark. Bar No. 2015079 (*Admitted Pro Hac Vice*)
 Sanford Law Firm, PLLC
 Kirkpatrick Plaza
 10800 Financial Centre Pkwy, Suite 510
 Little Rock, Arkansas 72211
 (501) 221-0088
 sean@sanfordlawfirm.com
 Attorney for Plaintiff

                  */s/ Michael Curran*
                  Michael Curran