# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release regarding claims arising under the Fair Labor Standards Act ("Agreement") is entered into by, between and among Jack Daniel ("Named Plaintiff"), individually and on behalf of others similarly situated (each an "Employee" and collectively the "Employees") and Pacific NW, LLC ("Employer"). The Employees and Employer are hereinafter collectively referred to as the "Parties."

### RECITALS

**WHEREAS**, Named Plaintiff filed a lawsuit in federal court against Employer that is currently pending in the United States District Court for the District of Arizona, Phoenix Division, styled as *Daniel, et. al v. Pacific NW, LLC*, Case No. 21-cv-02187-MTL ("Litigation"). The Litigation was certified as a collective action and the other Employees opted in as additional plaintiffs;

**WHEREAS**, after participating in a mediation with Magistrate John Z. Boyle, and concluding that it is in the best interests of the Parties to compromise, settle and resolve the claims and issues raised in the Litigation, Employer and the Employees desire to fully and finally resolve all differences between them regarding the Litigation through the Effective Date of this Agreement;

**WHEREAS**, the Parties acknowledge that there is a good faith dispute over, among other things, the number of hours worked by each of the Employees; and

**WHEREAS**, the individuals executing this Agreement on behalf of the Parties have all requisite capacity, power and authority to execute and bind their respective Parties to this Agreement, and to perform all obligations hereunder;

**NOW THEREFORE**, in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions which constitute full settlement of any and all disputes between them:

1. **Recitals**: All of the foregoing recitals are true and correct and are incorporated herein by reference.

2. **Consideration**. In consideration for signing this Agreement and complying with its terms, Employer agrees:

    a. to pay to the Employees and the Employees' counsel, Sanford Law Firm, a total sum of Forty Thousand Dollars ($40,000.00) (the "Settlement Amount") within ten (10) calendar days after the last of the following conditions has occurred: (i) Employer's receipt of an original of this Agreement signed by Named Plaintiff; (ii) Employer's receipt of a Form W-9 from the Employees' counsel and a Form W-4

and W-9 from each Employee, except that a delay in any Employee providing such forms will not delay the other payments pursuant to this Agreement; and (iii) the filing in the Litigation of a Joint Motion to Approve Settlement and entry of an Order Approving Settlement and of Dismissal with Prejudice of the Employees' claims in the Litigation (the "Effective Date"). The Settlement Amount shall be mailed or delivered to the Employees' counsel. The amount set forth in this paragraph 2(a) is to be paid as follows:

i. One check in the amount of Six Thousand Five Hundred Dollars ($6,500.00), less lawful payroll withholdings and deductions, made payable to Jack Daniel, in full satisfaction of any and all claims Named Plaintiff has or may have, known or unknown, for unpaid wages or overtime or other wages related to his employment with Employer. A Form W-2 shall be issued to Named Plaintiff which reflects this sum and Named Plaintiff shall provide Employer with a Form W-4. A second check in the amount of Six Thousand Five Hundred Dollars ($6,500.00) made payable to Jack Daniel, in full satisfaction of any liquidated damages owed to him and shall be reflected on a 1099 IRS form "other income" provided to Named Plaintiff. Employer shall report the payment on an IRS 1099-MISC form;

ii. One check in the amount of Three Thousand Dollars ($3,000.00), less lawful payroll withholdings and deductions, made payable to James Morgan, in full satisfaction of any and all claims Mr. Morgan has or may have, known or unknown, for unpaid wages or overtime or other wages related to his employment with Employer. A Form W-2 shall be issued to Mr. Morgan which reflects this sum and Mr. Morgan shall provide Employer with a Form W-4. A second check in the amount of Three Thousand Dollars ($3,000.00) made payable to James Morgan, in full satisfaction of any liquidated damages owed to him and shall be reflected on a 1099 IRS form "other income" provided to Mr. Morgan. Employer shall report the payment on an IRS 1099-MISC form;

iii. One check in the amount of Seven Hundred and Fifty Dollars ($750.00), less lawful payroll withholdings and deductions, made payable to Miguel Garcia, in full satisfaction of any and all claims Mr. Garcia has or may have, known or unknown, for unpaid wages or overtime or any matter related to his employment with Employer. A Form W-2 shall be issued to Mr. Garcia which reflects this sum and Mr. Garcia shall provide Employer with a Form W-4. A second check in the amount of Seven Hundred and Fifty Dollars ($750.00) made payable to Miguel Garcia, in full satisfaction of any liquidated damages owed to him and shall be reflected on a 1099 IRS form "other income" provided to Mr. Garcia. Employer shall report the payment on an IRS 1099-MISC form;

Doc ID: 6696b4aef2090e7993c496986276d0cad619309a

iv. One check in the amount of Three Hundred Seventy-Five Dollars ($375.00), less lawful payroll withholdings and deductions, made payable to Jacinto Mata, in full satisfaction of any and all claims Mr. Mata has or may have, known or unknown, for unpaid wages or overtime or other wages related to his employment with Employer. A Form W-2 shall be issued to Jacinto Mata which reflects this sum and Mr. Mata shall provide Employer with a Form W-4. A second check in the amount of Three Hundred Seventy-Five Dollars ($375.00) made payable to Jacinto Mata, in full satisfaction of any liquidated damages owed to him and shall be reflected on a 1099 IRS form "other income" provided to Mr. Mata. Employer shall report the payment on an IRS 1099-MISC form;

v. One check in the amount of Seventy-Five Dollars ($75.00), less lawful payroll withholdings and deductions, made payable to Dawson James, in full satisfaction of any and all claims Mr. James has or may have, known or unknown, for unpaid wages or overtime or other wages related to his employment with Employer. A Form W-2 shall be issued to Ms. James which reflects this sum and Mr. James shall provide Employer with a Form W-4. A second check in the amount of Seventy-Five Dollars ($75.00) made payable to Dawson James, in full satisfaction of any liquidated damages owed to him and shall be reflected on a 1099 IRS form "other income" provided to Mr. James. Employer shall report the payment on an IRS 1099-MISC form;

vi. One check in the amount of Seventy-Five Dollars ($75.00), less lawful payroll withholdings and deductions, made payable to James Dionne, in full satisfaction of any and all claims Mr. Dionne has or may have, known or unknown, for unpaid wages or overtime or other wages related to his employment with Employer. A Form W-2 shall be issued to Mr. Dionne which reflects this sum and Mr. James shall provide Employer with a Form W-4. A second check in the amount of Seventy-Five Dollars ($75.00) made payable to James Dionne, in full satisfaction of any liquidated damages owed to him and shall be reflected on a 1099 IRS form "other income" provided to Mr. Dionne. Employer shall report the payment on an IRS 1099-MISC form; and

vii. One check payable to Sanford Law Firm, in the amount of Eighteen Thousand Four Hundred Fifty Dollars and Zero Cents ($18,450.00) as and for the Employees' attorneys' fees and costs. Employer shall issue to Employees' counsel an appropriate IRS Form 1099 in relation to this payment as "gross proceeds paid to an attorney." Employees' counsel agrees to provide a fully executed IRS Form W-9 prior to this payment being made. By execution of this Agreement, Named Plaintiff represents that he has

3
C:\Users\SLF Admin Sanford Law Firm Dropbox\Open Files\Arizona - District Daniel (Jack) v. Pacific NW, LLC\Settlement\Settlement Agreement Final.docx

Doc ID: 6696b4aef2090e7993c496986276d0cad619309a

     expressly authorized and directed Employer to make this payment to Sanford Law Firm.

  viii. Employer will reissue lost, stolen, or damages checks at no cost upon request from Employees' counsel, not to exceed one (1) time per check, within 120 days of original issuance.

  3. **Tax Indemnification**. Employees agree that each Employee is responsible for all applicable taxes, if any, as a result of the receipt of the Settlement Amount. Each Employee understands and agrees that Employer is providing each Employee with no representations regarding tax obligations or consequences that may arise from this Agreement. Each Employee, for each Employee and each Employee's dependents, successors, assigns, heirs, executors and administrators (and Employee's legal representatives of every kind), agrees to indemnify and hold the Employer harmless for the amount of any taxes, penalties, or interest that may be assessed by any governmental tax authority against Employer as a result of nonpayment of taxes by such Employee from the payments made to such Employee pursuant to this Agreement. Each Employee agrees that he shall indemnify the Employer for the full amount of such liability within thirty (30) days after receipt of notice from Employer of the assessment of such taxes, penalties, or interest. Notwithstanding anything above to the contrary, Employees will not be responsible for required employer withholdings to be made on the payments deemed settlement of wages.

  Employees also affirm that, in the event any attorneys or third parties have asserted or assert a hold or lien or other encumbrance or interest in the Employees' claims, demands, and causes of action against Employer, the Employees will be responsible for paying any costs and fees associated with and otherwise satisfying that hold or lien or other encumbrance, and will hold Employer and their attorneys harmless for any costs or fees they incur in association with the hold or lien.

  4. **No Consideration Absent Execution of this Agreement**. Each Employee understands and agrees that he would not receive the monies and/or benefits specified in paragraph "2" above, except for Named Plaintiff's execution of this Agreement and the fulfillment of the promises contained herein.

  5. **Releases**. Each Employee knowingly and voluntarily releases and forever discharges Employer, and its successors, assigns, parent corporations, affiliates, subsidiaries, divisions, predecessors, insurers, co-employers, joint employers, joint venturers, partners, and their current and former employees, officers, directors, managers, board members, members, shareholders, partners, owners and agents, both individually and in their business capacities and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as the "Releasees" ), of and from any and all claims, known and unknown, asserted or unasserted, which Employee has or may have against Releasees as of the date of Named Plaintiff's execution of this Agreement for unpaid wages under any federal, state or local law, including, but not limited to, any claims relating to Employees' claim in the Litigation, which have arisen or could have arisen prior to the date of this Agreement. Employees agree that this waiver and release shall be construed as broadly as possible and shall

4

C.\Users\SLF Admin Sanford Law Firm Dropbox Open Files\Arizona - District Daniel (Jack) v. Pacific NW, LLC\Settlement\Settlement Agreement Final.docx

Doc ID: 6696b4aef2090e7993c496986276d0cad619309a

include, without limitation: (1) any claims arising under the Fair Labor Standards Act of 1933, as amended; the Arizona minimum wage statutes or Arizona law; and (2) claims for costs, fees, or other expenses, including attorney's fees, related to Employees' claims in the Litigation.

If any claim is not subject to release, to the extent permitted by law, Employees waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which any Releasees identified in this Agreement is a party. Named Plaintiff also waives his right to a jury trial as to any claim, as against any Releasee, not subject to this Release.

6. **Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of Arizona without regard to its conflict of laws provisions and shall be subject to the exclusive jurisdiction of the United States District Court, District of Arizona, which shall retain jurisdiction to enforce this Agreement. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

7. **Non-Admission of Wrongdoing**. The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

8. **Amendment**. This Agreement may not be modified, altered, or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

9. **Entire Agreement**. This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Named Plaintiff acknowledges that he has not relied on any representations, promises, or agreements of any kind made to Named Plaintiff by Employer in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

10. **Counterparts**. This Agreement may be executed in separate counterparts, each of which will be deemed to be an original and all of which taken together will constitute one and the same agreement. Facsimiles and electronic copies of signatures, as well as electronic signatures, shall be deemed as effective as an original.

11. **No Strict Construction**. The language used in this Agreement shall be deemed to be the language mutually chosen by the Parties to reflect their mutual intent, and no doctrine of strict construction shall be applied against any Party.

5
C:\Users\SLF Admin Sanford Law Firm Dropbox Open Files\Arizona - District\Daniel (Jack) v Pacific NW, LLC\Settlement\Settlement Agreement Final.docx

Doc ID: 6696b4aef2090e7993c496986276d0cad619309a

12. **Time to Review**. Named Plaintiff acknowledges that he has been provided with a reasonable time period within which to decide whether to sign this Agreement. Named Plaintiff acknowledges that he has carefully read and understands this Agreement and agrees that Employer has not made any representations other than those contained herein. Named Plaintiff also acknowledges that he enters into this Agreement voluntarily, without any pressure or coercion, and with full knowledge of its significance, and that it constitutes a full and absolute settlement and bar as to any and all wage claims he had, has, or may have against Employer and the Releasees, including his claims in the Litigation. Named Plaintiff further acknowledges that he has consulted with an attorney prior to signing this Agreement and that he has had the opportunity to negotiate regarding the terms of this Agreement.

NAMED PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT AND RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE CLAIMS EACH EMPLOYEE HAS OR MIGHT HAVE AGAINST RELEASEES AS SPECIFIED HEREIN.

Dated: 09 / 15 / 2023

By: _____
Jack Daniel, individually and on behalf of each Employee

Dated: 9/19/2023

PACIFIC NW, LLC
By: _____
Its: Member

6
C:\Users\SLF Admin Sanford Law Firm Dropbox\Open Files\Arizona - District\Daniel (Jack) v. Pacific NW, LLC\Settlement\Settlement Agreement Final.docx

Doc ID: 6696b4aef2090e7993c496986276d0cad619309a